[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
CT Page 7120
 Procedural History and Facts
By Writ, Summons, and Complaint, made returnable on December 16, 1997, the plaintiff began an action against the defendants, Christopher Lyddy and Barbara Lyddy, as a result of an alleged dog bite received by the Plaintiff, Rasha Stokes, on December 21, 1996 (There are references to the dog bite occurring on either December 21, 1996 or December 22, 1996). The plaintiff filed an amended complaint on March 12, 1998. In her amended complaint, the plaintiff alleges that she was attacked and bitten by a pitbull dog, owned and kept by Tawana Ruff and/or Shawn Ruff at 270 Gurdon Street, Bridgeport, Connecticut. The plaintiff has not commenced any action against either Tawana Ruff or Shawn Ruff, the owners and/or keepers of the dog. However, the amended complaint alleges a cause of action against Christopher Lyddy and Barbara Lyddy as owners of the premises at 270 Gurdon Street, Bridgeport, Connecticut, which premises was leased to Tawana Ruff. The Plaintiff, Rasha Stokes, lived at 280 Gurdon Street, next door to the Ruffs. She alleges the attack occurred as she was leaving her house and approaching her car parked in front of her own house at 280 Gurdon Street. The plaintiff admits that neither defendant was present at the time. The theory of liability alleged against both defendants is premised under common law negligence. There is no claim that the defendants were owners or keepers of the dog pursuant to Connecticut General Statutes § 22-357 (the Dog Bite Statute). Specifically, the plaintiff alleges that the defendants were negligent in the following ways:
 a. In that said defendants allowed the dog to be harbored on premises knowing that the dog has a vicious propensity, in that it had shown a propensity to attack other people on other occasions.
 b. In that said defendants failed to maintain the premises in a reasonably safe condition, free from dangerous defects, and to exercise reasonable diligence in correcting known defects;
 c. In that said defendants failed to take measures to avoid injuries to other persons of defective or dangerous conditions on the premises.
Defendants, Christopher Lyddy and Barbara Lyddy, now move for Summary Judgment. The defendants assert they cannot be liable for common law CT Page 7121 negligence as they owed no duty to the plaintiff. A landlord is not liable for a tenant's dog simply because he is the owner of the property.
 The Standard
Summary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49.
The test of the requirement for the granting of a summary judgment is that the moving party be entitled to judgement as a mater of law is resolved by applying to the established facts the same criteria as used in determining whether a party would be entitled to a directed verdict on the same facts. "A summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in there verdict as directed. (Citations omitted.) United Oil Co. v. Urban Redevelopment Comm., 158 Conn. 364, 380, 260 A.2d 596 (1969).
Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . To oppose the motion for summary judgement successfully, the nonmovant must recite specific facts . . . which contradict those stated in movant's affidavits and documents. (Citations omitted; internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578-79, 573 A.2d 699 (1999).
 The Law
Our Supreme Court has stated that "[t]he existence of a duty is a question of law." Shore v. Stonington, 187 Conn. 147, 151, 444 A.2d 1379
(1982). Our appellate level courts, however, have not addressed the issue of a landlords's duty to a third party for a tenant's dog. The vast majority of Superior Court cases have held that, as a matter of law, a landlord owes no duty to a third part for a tenant's dog. See Scoran v. D'Amelio, Superior Court, judicial district of Waterbury, Docket No. 111341 (February 1, 1996, Pellegrino, J.); Towns v. Scipio, Superior Court, judicial district of New Haven, Docket No. 363833,14 Conn.L.Rptr. 372
(May 26, 1995, Hartmere, J.); Kelb v. Christiano, Superior Court, judicial district of Fairfield-Bridgeport at Bridgeport, Docket CT Page 7122 No. 323407, 15 Conn.L.Rptr. 470 (November 29, 1995, Ballen, J.); McCorquodale v. Agnone, Superior Court, judicial district of New Haven, Docket No. 282135, 10 Conn.L.Rptr. 638 (January 13, 1994, Hodgson, J.); Bethea v. Gary, Superior Court, judicial district of New Haven, Docket No. 299571 (April 28, 1993, Hadden, J.). But see Duhaime v. Tron Mills, superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 034521, 7 Conn.L.Rptr. 4 (June 30, 1992, McGrath, J.) (finding sufficient a factual dispute as to whether or not the landlord knew of the vicious propensities of a dog to preclude summary judgement).
In Goff v. Timothy, Superior Court, judicial district of New Haven, Docket No. 241611 (March 20, 1990, Berdon, J.) (1 Conn.L.Rptr. 385), the court rejected the plaintiff's argument that a landlord has a duty under the common law reasoning that "[e]ven if there was evidence that the dog was abnormally dangerous, there would be no liability on the part of the [landlord] . . . "One who, although not in possession, harbors a wild animal or abnormally dangerous domestic animal, is subject to the same liability as if he were in possession of it.' Restatement (Second) Torts, 514. Nevertheless, the possessor of property on which the animal is kept, even when coupled with permission given to another to keep it, is not enough to make the possessor of the land liable as a harborer of the dog. Id.
This court agrees with the reasoning in Goff v. Timothy and the above cited cases; the existence of a landlord's duty to third persons for a tenant's dog is a question of law, this court finds that, as a matter of law, the defendant-landlord owed no duty to the plaintiff.
Accordingly, the defendant's motion for summary judgement is granted.
DANIEL E. BRENNAN, JR., J.